UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRIS H. CAVE,<br><br>                    Plaintiff(s),<br><br>     v.<br><br>NATIONAL DEFAULT SERVICING CORPORATION, et al.,<br><br>                    Defendant(s). | Case No. 2:15-CV-122 JCM (VCF)<br><br>ORDER |

Presently before the court is *pro se* plaintiff Chris Harold Cave's motion for relief from judgment under FRCP 60(b). (Doc. # 34). Also before the court is *pro se* plaintiff Chris Harold Cave's motion for recusal of the district judge.[1] (Doc. # 35). Defendant J.P. Morgan Chase Bank, N.A. filed a response to both motions. (Doc. # 37). Plaintiff filed what appear to be replies. (Doc. ## 41, 43).

Plaintiff's motions are unorganized, rambling, and largely incoherent. It appears that plaintiff seeks relief from the court's order granting defendants' motion to dismiss his complaint and the subsequent clerk's judgment entered against plaintiff. (Doc. ## 32, 33). He contends that defendants engaged in misconduct through their "improper pre-mature pre-discovery [sic.]." (Doc. # 34 at 3).

---

[1] Mr. Cave's motions are contained in a single filing, which the clerk docketed as two separate motions. The document also purports to also be a notice of appeal. To the extent it was plaintiff's intent to file a notice of appeal, he failed to comply with the requirements of Federal Rule of Appellate Procedure 3(c). If plaintiff wishes to appeal the court's order and judgment (doc. ## 32, 33), he must file a separate notice of appeal consistent with FRAP 3(c).

**James C. Mahan**
**U.S. District Judge**

Plaintiff also moves for recusal of the undersigned pursuant to 28 U.S.C. § 455. He accuses the undersigned of conspiring with the defendants. Specifically, he takes issue with the court's references to non-judicial foreclosure and purported "dishonorable acts."

Under FRCP 60(b), a district court may grant a party relief from a judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

Plaintiff has failed to show that he is entitled to relief based on any of the grounds listed in Rule 60(b). He has not alleged facts that indicate defendants engaged in any unlawful discovery practices. As defendants point out, it was actually plaintiff who engaged in dilatory and obstructionist conduct during discovery by refusing to appear for a noticed deposition under FRCP 26(c). (*See* doc. # 37-1 at 3–4). Plaintiff has failed to establish that he is entitled to any relief from the court's June 22, 2105, order. Accordingly, his motion for relief from judgment will be denied.

28 U.S.C. § 455 establishes the framework under which a federal judge must recuse himself from a matter. Section 455 mandates that a district judge shall disqualify himself from any proceeding in which his impartiality might reasonably be questioned and under the following circumstances:

> (1) [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (2) [w]here in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) [w]here he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) [h]e knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) [h]e or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

> (i) [i]s a party to the proceeding, or an officer, director, or trustee of a party;
>
> (ii) [i]s acting as a lawyer in the proceeding;
>
> (iii) [i]s known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>
> (iv) [i]s to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455.

Plaintiff's vague allegations that the undersigned has conspired with the defendants in this matter have no basis in fact. He appears to take issue with Nevada's process for non-judicial foreclosure and this court's enforcement of that process, which is of course no basis for recusal. He has failed to establish any basis on which the undersigned's impartiality might be reasonably questioned. He has also failed to show that any of the circumstances listed in § 455(b) are present in this matter. The undersigned will not recuse himself.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that *pro se* plaintiff Chris Harold Cave's motion for relief from judgment under FRCP 60(b) (doc. # 34) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that *pro se* plaintiff Chris Harold Cave's motion for recusal of the district judge (doc. # 35) be, and the same hereby is, DENIED.

DATED March 17, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -